

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| In re MICROTUNE, INC. DERIVATIVE LITIGATION | § § § § | Master File No. 4:03-CV-0409 |
| This Document Relates To:<br><br>    ALL ACTIONS. | § § § § § | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for final hearing pursuant to the Preliminary Order of this Court, dated January 28, 2005 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of January 10, 2005 (the "Stipulation"). Due and adequate notice having been given to the Microtune Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein, including arguments of counsel and any objections raised by Microtune Shareholders at the final settlement hearing, and otherwise being fully informed in the premises and good cause appearing herefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including the Plaintiffs, the Microtune Shareholders and the Defendants.

3. The Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, adequate, and in the best interests of Microtune and the Microtune Shareholders, and hereby finally approves the Stipulation and Settlement in all respects, and orders the settling parties to perform its terms to the extent they have not already done so.

4. The Court further finds that the Stipulation and Settlement have been entered into and made in good faith, and that the Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of the Microtune Shareholders in connection with the prosecution of the Action and the Settlement.

5. The Action and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice. As between the Plaintiffs and Defendants, the parties are to bear their own

costs, except as otherwise provided in the Stipulation regarding Plaintiffs' Lead Counsel's application for attorneys' fees and expenses.

6. Upon the Effective Date, Plaintiffs and the Microtune Shareholders on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, be deemed to have, and by operation of this Order and Final Judgment shall have, fully and finally released and forever discharged, and shall forever be enjoined from commencing, instituting or prosecuting, either directly, derivatively or in any other capacity, any Settled Claims against any of the Released Parties. The Settled Claims shall not include claims arising out of any employment relationship between former Transilica employees and Transilica or Microtune, including claims, rights or causes of action or liabilities arising out of any confidentiality, employment, severance, stock option or other agreements between Microtune and any other former Transilica employees.

7. Upon the Effective Date, each of the Defendants, on behalf of themselves and the Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully and finally released and forever discharged each and every of the Settled Defendants' Claims, and shall forever be enjoined from commencing, instituting or prosecuting any of the Settled Defendants' Claims. Settled Defendants' Claims shall not include claims arising out of any employment relationship between former Transilica employees and Transilica or Microtune, including claims, rights or causes of action or liabilities arising out of any confidentiality, employment, severance, stock option or other agreements between Microtune and any former Transilica employees.

8. The Court finds that the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Notice") was given in accordance with the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice and was mailed to all Microtune

Shareholders who could be identified through reasonable effort. The Court also finds that the Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

9. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any violation of any statute or law, wrongdoing, or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. This Order and Final Judgment is not a finding of the validity or invalidity of any claims in the Action or of any wrongdoing or lack thereof by any Defendant. The Released Parties or any of them may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation.

10. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the settling parties for the purpose of construing, enforcing and administering the Stipulation and Settlement.

11. If the Effective Date of the Settlement fails to occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. Plaintiffs' Lead Counsel is hereby awarded as attorneys' fees and reimbursement of expenses the amount of $ _1,125,000.00_ (the "Fee and Expense Award") in accordance with the terms and conditions of the Stipulation. The Fee and Expense Award has been determined by the Court to be fair, reasonable, and appropriate. The Fee and Expense Award shall be paid to Plaintiffs' Lead Counsel pursuant to the terms of the Stipulation.

13. Plaintiffs' Lead Counsel is authorized to allocate and distribute the Fee and Expense Award among Plaintiffs' Counsel in a manner which in Plaintiffs' Lead Counsel's good faith determination reflects each counsel's contribution to the institution, prosecution, and settlement of the Action.

14. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

IT IS SO ORDERED.

DATED: _March 31, 2005_    _/s/ Paul Brown_
THE HONORABLE PAUL BROWN
UNITED STATES DISTRICT JUDGE

Submitted by:

PROVOST & UMPHREY LAW FIRM, LLP
JOE KENDALL
State Bar No. 11260700
WILLIE C. BRISCOE
State Bar No. 24001788


_____/s/ Joe Kendall_____
JOE KENDALL

3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN
2926 Maple Avenue, Suite 200
Dallas, TX 75201
Telephone: 214/696-1100
214/740-01121 (fax)

Co-Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
RANDALL J. BARON
ELLEN GUSIKOFF STEWART
A. RICK ATWOOD, JR.
SHAUN L. GROVE
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\Settlement\Microtune.set\JGT00019353.doc